IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRANKLIN IGHEKPE | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | |
| | § | NO. 3-05-CV-2098-K |
| JOHN T. SOURKARIS, Director, | § | |
| Post Order Detention Unit, U.S. | § | |
| Immigration and Customs Enforcement, | § | |
| ET AL. | § | |
| | § | |
| Respondents. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Petitioner Franklin Ighekpe, appearing *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2241. For the reasons stated herein, the application should be dismissed as moot.

I.

Petitioner, a native and citizen of Nigeria, was admitted to the United States in 1999 as a visitor. Thereafter, petitioner was charged with multiple violations of federal immigration law, including: (1) overstaying his visa; (2) obtaining employment without proper authorization of the INS; (3) falsely representing himself to be a United States citizen for purposes of employment; and (4) using a fraudulent social security card to obtain employment. At a removal hearing held on September 18, 2003, petitioner sought an adjustment of status based on his pending I-130 and I-485 applications.[1] The immigration judge found that petitioner was removable because, *inter alia*, he

---

[1] Petitioner sought a change in status from alien to permanent resident based on his purported marriage to a United States citizen. In order to effect this change in status, petitioner must file an I-485 Application to Register Permanent Residence or Adjust Status and his wife must file an I-130 Petition for Alien Relative to establish the marital relationship. *See Alhadji v. Ashcroft*, 69 Fed.Appx. 658, 2003 WL 21355972 at *1 (5th Cir. May 22, 2003).

overstayed his visa and was not eligible for an adjustment of status because he made a false claim of citizenship to obtain employment. Petitioner timely appealed that decision to the Board of Immigration Appeals ("BIA"). The BIA affirmed. *In re Ighekpe*, No. A95-212-485 (BIA Feb. 19, 2004), *reconsideration denied* (BIA Jun. 8, 2004). The Fifth Circuit denied a petition for review. *Iphekpe v. Gonzales*, 123 Fed.Appx. 616, 2005 WL 407222 (5th Cir. Feb. 21, 2005), *cert. denied*, 126 S.Ct. 547 (2005). Petitioner then sought mandamus and habeas relief in federal court. Both writs were denied. *Ighekpe v. Gonzales*, No. 3-05-CV-0479-P, 2005 WL 1421396 (N.D. Tex. Jun. 16, 2005), *rec. adopted*, 2005 WL 1719338 (N.D. Tex. Jul. 25 2005) (mandamus proceeding); *Ighekpe v. Sourkaris*, No. 3-05-CV-1235-M, 2005 WL 1489931 (N.D. Tex. Jun. 22, 2005), *rec. adopted*, 2005 WL 1630086 (N.D. Tex. Jul. 12, 2005) (habeas proceeding).

On October 24, 2005, while still in immigration custody awaiting removal, petitioner filed the instant application for writ of habeas corpus. In his sole ground for relief, petitioner contends that his continued detention pending removal violates section 241(a) of the Immigration and Nationality Act ("INA") as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001). Respondents have filed a motion to dismiss this action as moot because petitioner was physically deported from the United States by flight to Nigeria on January 25, 2006.

II.

A federal court has jurisdiction to issue a writ of habeas corpus only if the person seeking the writ is "in custody." *See* 28 U.S.C. § 2241; *Pack v. Yusuff*, 218 F.3d 448, 454 n.5 (5th Cir. 2000). The "in custody" determination is made as of the time the habeas petition is filed. *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); *Carafas v. LaVallee*, 391 U.S. 234, 237-38, 88 S.Ct. 1556, 1559-60, 20 L.Ed.2d 554 (1968). Once federal habeas jurisdiction has

attached, "it is not defeated by the release of the petitioner prior to completion of proceedings on such application." *Carafas*, 88 S.Ct. at 1559-60.

Although petitioner was "in custody" at the time he filed his application for writ of habeas corpus on October 24, 2005, he does not challenge his removal. Instead, petitioner seeks only release from immigration custody pending his removal to Nigeria. Because petitioner was physically removed from the United States by flight to Nigeria on January 25, 2006, he has obtained all the relief to which he is entitled. This moots consideration of the habeas petition. *See Odus v. Ashcroft*, 61 Fed.Appx. 121, 2003 WL 342719 at *1 (5th Cir. Feb. 7, 2003) (*Zadvydas* claim becomes moot upon deportation); *Lay v. I.N.S.*, No. 3-02-CV-0678-H, 2002 WL 32494536 at *1 (N.D. Tex. Dec. 17, 2002) (Kaplan, J.) (same).

## RECOMMENDATION

Respondents' motion to dismiss should be granted. Petitioner's application for writ of habeas corpus should be dismissed as moot.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party may file written objections to the recommendation within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). The failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 30, 2006.

                                                JEFF KAPLAN
                                                UNITED STATES MAGISTRATE JUDGE